## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOE MCANEAR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-4985-BF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION & ORDER

Plaintiff Joe McAnear ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the final decision of the Commissioner is REVERSED AND REMANDED for proceedings consistent with this opinion.

### Background

Plaintiff alleges that he is disabled due to a variety of ailments, including post back injury, obesity, diabetes mellitus, depression, and anxiety. *See* Pl.'s Br. [D.E. 18 at 6]. After his application for disability insurance benefits and supplemental security income was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on October 12, 2012. Tr. [D.E. 11-3 at 78]. At the time of the hearing, Plaintiff was 53 years old. *See id.* [D.E. 11-3 at 79]. Plaintiff has worked in the past as a Broadband Specialist, a cook, a truck driver, a delivery driver, and a car salesman. *See id.* [D.E.11-3 at 89-93]. Plaintiff also worked as a clerk in an adult bookstore and as a CSM optician at Wal-Mart. *See id.* [D.E.11-3 at 93-95]. Plaintiff has a high school education. *See id.* [D.E. 11-3 at 80]. Plaintiff has not engaged in

substantial gainful activity since July 14, 2009. Pl.'s Br. [D.E. 18 at 5].

The ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act from July 14, 2009 through the date of his decision on October 26, 2012. *See* Tr. [D.E. 11-3 at 33, 39]. Although the ALJ determined that Plaintiff had the following severe impairments: status post back surgery, obesity, and diabetes mellitus, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *See id.* [D.E. 11-3 at 35-37]. The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to lift up to 50 pounds occasionally, 25 pounds frequently, stand and walk 6 hours in an 8 hour workday, and sit 6 hours in an 8 hour workday as defined in 20 CFR 404.1567(c) and 416.967(c). *See id.* [D.E. 11-3 at 37]. The ALJ also determined that Plaintiff is capable of performing past relevant work as a warehouse and delivery driver, truck driver and fry cook. *See id.* [D.E. 11-3 at 38]. Plaintiff appealed that decision to the Appeals Council. *See id.* [D.E. 11-3 at 2]. The Council affirmed. *See id.* [D.E. 14-1 at 5]. Plaintiff then filed this action in federal district court. Plaintiff sought reversal of the Commissioner's decision on the following grounds:

(1) The ALJ applied the incorrect legal definition concerning severe impairments and thereby erred in finding McAnear's depression and anxiety non-severe;

(2) the ALJ failed to consider and weigh non-examining State agency consultant, Dr. Roberta Herman's opinion; and

(3) the ALJ failed to identify the demands of Plaintiff's past work.

*See* Pl.'s Br. [D.E. 18 at 1]. However, in his reply, Plaintiff waived his first argument on appeal

regarding his mental impairments. *See* Reply [D.E. 20 at 2].

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1)   an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)   an individual who does not have a "severe impairment" will not be found to be disabled;

(3)   an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)   if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)   if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial

4

evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

## Analysis

Plaintiff contends that the ALJ failed to discuss or mention the opinion of a non-examining state agency physician Roberta Herman, M.D. whose opinion conflicts with the ALJ's RFC finding. *See* Pl.'s Br. [D.E. 18 at 13]. Plaintiff argues that the ALJ's decision should be reversed because had the ALJ adopted Dr. Herman's opinion, there is a reasonable chance that he would have found Plaintiff incapable of returning to his past work. *See id.* [D.E. 18 at 13]. Plaintiff points out that Dr. Herman issued a RFC statement limiting Plaintiff to lifting 20 pounds occasionally, 10 pounds frequently, and standing and/or walking approximately 6 hours in an 8 hour workday. *See id.* [D.E. 18 at 13]; Tr. [D.E. 11-9 at 41]. Plaintiff contends that this conflicts with the ALJ's finding that he could lift 50 pounds occasionally and 25 pounds frequently. *See* Pl.'s Br. [D.E. 18 at 13]; Tr. [D.E. 11-3 at 37]. Further, Plaintiff points out that while Dr. Herman reported that Plaintiff was limited in frequent balancing, stooping, kneeling, crouching, or crawling, the ALJ found no postural limitations and the ALJ failed to explain or resolve the conflict between his RFC findings and Dr. Herman's opinion. *See* Pl.'s Br. [D.E. 18 at 13]; Tr. [D.E. 11-9 at 42]. Plaintiff also argues that while the ALJ relied on the opinions from consultant Jeanine, Kwun, M.D., her analysis was not as thorough and recent as the opinion of Dr. Herman because Dr. Kwun issued her analysis on October

18, 2011 and Dr. Herman's assessment was issued on January 3, 2012. *See id.* [D.E. 18 at 13]; Tr. [D.E. 11-9 at 38, 47].

In the response, the Commissioner argues that the ALJ complied with the applicable law and regulations in evaluating the physicians' opinions. Def.'s Resp. [D.E. 19 at 13]. The Commissioner contends that substantial evidence of Plaintiff's treating and examining physicians support the ALJ's RFC assessment. *See id.* [D.E. 19 at 13]. The Commissioner points out that on August 31, 2011, Mahmood Panjwani, M.D. noted that Plaintiff was able to bend down, walk on his heels and toes and walk in a straight line and that Plaintiff's motor strength was 5/5 and his grip was 5/5 bilaterally. *See id.* [D.E. 19 at 14]; Tr. [D.E. 11-9 at 5]. Further, according to Dr. Panjwani, Plaintiff's sensory examination was symmetrical and normal and there was no evidence of atrophy or rigidity. *See* Def.'s Br. [D.E. 19 at 14]; Tr. [D.E. 11-9 at 5]. In addition, the Commissioner argues that there was no physical testing that would support limiting Plaintiff to light work. *See* Def.'s Br. [D.E. 19 at 14]; Tr. [D.E. 11-9 at 5]. The Commissioner also points out that the ALJ discussed the RFC assessment by general practitioner Jeanine Kwun, M.D. who found that Plaintiff could perform medium work. *See* Def.'s Br. [D.E. 19 at 15]; Tr. [D.E. 11-3 at 38; 11-9 at 31-38].

In his reply, Plaintiff argues that the failure of the ALJ to review Dr. Herman's opinion harmed Plaintiff because Dr. Herman's opinion eliminates the work activity the ALJ found Plaintiff could perform. *See* Reply [D.E. 20 at 2]. Plaintiff contends that the ALJ failed to comply with SSR 96-6p and Section 404.1527(e)(2) which require the ALJ to weigh all medical opinions in the record. *See id.* [D.E. 20 at 3]. Moreover, Plaintiff contends that pursuant to SSR 96-8p, the ALJ should have addressed Dr. Herman's opinion because it was contrary to his RFC finding. *See id.* [D.E. 20 at 3]. Further, Plaintiff contends that while the Commissioner cites the Fifth Circuit's decision in *Martinez*

*v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) as allowing the ALJ to reject a physician's opinion when the evidence supports a contrary conclusion, Plaintiff argues that the ALJ did not reject Dr. Herman's opinion because he failed to review it. *See* Pl.'s Reply [D.E. 20 at 4]. With respect to the Commissioner's argument that Plaintiff was not prejudiced because Dr. Herman's opinion is outweighed by the opinion of Dr. Panjwani, Plaintiff argues that Dr. Panjwani never issued an RFC opinion regarding Plaintiff's limitations whereas Dr. Herman did. *See id.* [D.E. 20 at 5]. In addition, Plaintiff argues that while Dr. Kwun's opinion conflicts with the opinion of Dr. Herman, the ALJ never resolved this conflict because he failed to review Dr. Herman's opinion. *See id.* [D.E. 20 at 5]. Further, Plaintiff argues that even if this Court were tasked with resolving the conflict between Dr. Kwun's and Dr. Herman's opinions, the conflict would weight in favor of Dr. Herman because Dr. Kwun only reviewed Plaintiff's records through October 18, 2011 whereas Dr. Herman reviewed Plaintiff's records through January 3, 2012. *See id.* [D.E. 20 at 5]. In addition, Plaintiff argues that Dr. Herman conducted a more thorough analysis of the record whereas Dr. Kwun provided a one-sentence summary of the consultative examination. *See id.* [D.E. 20 at 6]. Therefore, Plaintiff argues that the ALJ was required to review Dr. Herman's opinion regardless of his status as a non-examining State agency consultant because his opinion would have led to a different result. *See id.* [D.E. 20 at 6].

Because Dr. Herman's opinion was issued after Dr. Kwun's and because the ALJ did not mention Dr. Herman or his opinion in his decision, the Court is not able to ascertain whether any changes to Plaintiff's condition subsequent to Dr. Kwun's examination would have changed the outcome of the ALJ's decision. In *Singleton v. Astrue*, the Court stated the following:

Defendant contends that, even if error occurred, the error was harmless because, if

7

the ALJ had discussed Dr. McHenry's opinion, he would not have given it great weight. . . . The Court is unable to say what the ALJ would have done. The opinions expressed in Dr. McHenry's medical source statement, and to a lesser degree Dr. Goldberg's medical source statement, included significant limitations beyond those that the ALJ recognized in determining both Plaintiff's residual function capacity and his ability to engage in any form of substantial gainful activity. . . . Had the ALJ given proper consideration to the treating and examining physicians' records and assessment of Plaintiff's ability to engage in work-related activities, the ALJ might have reached a different decision as to disability.

*Singleton v. Astrue*, No. 3:11-CV-2332-BN, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013). While it is true that the ALJ does not need to articulate every piece of evidence he considered and Dr. Herman did not examine Plaintiff as was the case in *Singleton*, Dr. Herman's opinion is still notable here because it was issued several months after the other doctors' opinions and conflicts with a previous RFC finding. Therefore, as Plaintiff argues, since the ALJ did not mention Dr. Herman or his opinion in his decision, we do not know if he actually reviewed Dr. Herman's opinion and whether such a review would have changed the outcome of his decision. Therefore, remand is required here because there is a realistic possibility of a different conclusion by the ALJ. *See id.*; *January*, 400 F. App'x at 933. Because the Court finds that the Commissioner's decision should be reversed on this ground, the Court pretermits consideration of Plaintiff's remaining grounds for reversal.

## Conclusion

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

SO ORDERED, this 26th  day of March, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE